IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD SEARS,** : | |
| Petitioner : | |
| : | No. 1:20-cv-02305 |
| v. : | |
| : | (Judge Kane) |
| **MICHAEL CLARK, et al.,** : | |
| Respondents : | |

**MEMORANDUM**

On December 9, 2020, pro se Petitioner Richard Sears initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 while still incarcerated at the State Correctional Institution in Albion, Pennsylvania ("SCI Albion"). (Doc. No. 1.) Petitioner subsequently notified the Court that he had been released from incarceration and is currently living in Pittsburgh, Pennsylvania. (Doc. No. 7.) Following Orders to show cause (Doc. Nos. 9, 10) and after receiving two (2) extensions of time (Doc. Nos. 12-15), Respondents filed a response to Petitioner's § 2254 petition on July 28, 2021 (Doc. No. 16). Petitioner's § 2254 petition is, therefore, ripe for disposition.

**I.     BACKGROUND**

   **A.     Procedural History**

On July 15, 2015, following a jury trial in the Court of Common Pleas for Northumberland County, Pennsylvania, Petitioner was convicted of possession of unauthorized weapons and possession of weapons or implements for escape. (Doc. No. 16-2.) These charges arose during an incident that occurred while Petitioner was incarcerated at the State Correctional Institution in Coal Township, Pennsylvania ("SCI Coal Township"). (Doc. No. 16-11 at 17-18.) Petitioner represented himself at trial. (Doc. No. 16-2.) Attorney John Broda was appointed as standby counsel. (Doc. No. 16-11 at 2.) Petitioner was convicted of possession of unauthorized

weapons and possession of weapons or implements for escape and sentenced on December 7, 2015 to an aggregate of four (4) to ten (10) years' incarceration. (Doc. No. 16-2.) Petitioner subsequently filed post-sentence motions, which the trial court denied. (Id.) Petitioner timely appealed to the Superior Court of Pennsylvania. On May 12, 2017, the Superior Court quashed his appeal because Petitioner's brief was defective. (Doc. No. 16-20.) The Superior Court noted that "the nature of [Petitioner's] brief is such that we find our ability to conduct appellate review severely impaired." (Id. at 3.) Specifically, the Superior Court noted that Petitioner's brief was a "mishmash of repetitive, mostly incoherent rambling in which he repeatedly ma[de] reference to unspecified acts of fraud committed by the judges and attorneys in the matter and accuse[d] them of fabricating unnamed court documents." (Id.) Petitioner also made multiple references to the Uniform Commercial Code and alleged that the Magisterial District Judge "asserted 'authority to conduct a criminal action against [him] under a secret jurisdiction known only to judges and licensed attorneys[.]'" (Id.) On January 4, 2018, the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal. (Doc. No. 16-21.)

On January 19, 2019, Petitioner filed a pro se Post Conviction Relief Act ("PCRA") petition. (Doc. No. 16-22.) On February 1, 2019, the PCRA court appointed counsel to represent Petitioner. (Doc. No. 16-24.) On March 5, 2019, counsel filed a motion to withdraw pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), alleging that there was no merit to Petitioner's PCRA petition. (Doc. No. 16-25.) On March 7, 2019, the PCRA court granted counsel's motion to withdraw and issued a notice that it intended to dismiss Petitioner's PCRA petition without a hearing. (Doc. No. 16-26.) On March 25, 2019, Petitioner filed a motion for reconsideration and extension of

time to file an amended PCRA petition. (Doc. No. 16-27.) On June 19, 2019, the PCRA court denied Petitioner's PCRA petition. (Doc. No. 16-28.)

Petitioner timely appealed to the Superior Court, raising the following issues: (1) his Fourteenth Amendment rights were violated because the Commonwealth proceeded via a criminal information rather than by seeking an indictment by a grand jury; (2) the evidence was insufficient to support his convictions; (3) the PCRA court erred by failing to grant him leave file an amended PCRA petition in response to the motion to withdraw; and (4) PCRA counsel rendered ineffective assistance. (Doc. No. 16-30 at 3.) While his appeal was pending, Petitioner filed a § 2254 petition with this Court. See Sears v. Clark, No. 1:19-cv-641, 2019 WL 2541643, at *2 (M.D. Pa. June 20, 2019). In a Memorandum and Order dated June 20, 2019, this Court dismissed Petitioner's § 2254 petition without prejudice for Petitioner's failure to exhaust his state court remedies. See id. at *3. On April 30, 2020, the Superior Court affirmed the denial of Petitioner's PCRA petition. (Doc. No. 16-30 at 2.) On September 29, 2020, the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal. (Doc. No. 2 at 3.) Petitioner subsequently filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 9, 2020. (Doc. No. 1.)

    **B.**    **Petitioner's Habeas Claims**

Petitioner raises the following grounds for relief in the instant habeas petition:

1. Petitioner's Sixth Amendment right to impartial judges and Fourteenth Amendment right to be free from fraud were violated when the state courts included false information in various court documents;

2. Petitioner's Fourteenth Amendment rights were violated when he was charged via a criminal information instead of an indictment issued by a grand jury; and

3. Petitioner's Fourteenth Amendment rights were violated when the state courts denied him counsel "despite knowing [he] did not understand the nature of the charges against [him] and/or without there being any evidence of a verbal and

>written colloquy appearing on the record" indicating that he waived his right to counsel.

(Id.)

## II. LEGAL STANDARD

Habeas corpus is an "'extraordinary remedy' reserved for defendants who were 'grievously wronged' by the criminal proceedings." See Dunn v. Colleran, 247 F.3d 450, 468 (3d Cir. 2001) (quoting Calderon v. Coleman, 525 U.S. 414, 146 (1998)).  The exercise of restraint by a federal court in reviewing and granting habeas relief is appropriate due to considerations of comity and federalism. See Engle v. Isaac, 456 U.S. 107, 128 (1982). "The States possess primary authority for defining and enforcing the criminal law.  In criminal trials they also hold the initial responsibility for vindicating constitutional rights.  Federal intrusions into state criminal trials frustrate both the States' sovereign power and their good-faith attempts to honor constitutional law." Id.  States also have a recognized interest in the finality of convictions that have survived direct review within the state court system.  See Brecht v. Abrahamson, 507 U.S. 619, 620 (1993).

A district court may entertain an application for a writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws of the United States." See 28 U.S.C. § 2254(a).  If a claim presented in a § 2254 petition has been adjudicated on the merits in state court proceedings, habeas relief may not be granted unless:

>the adjudication of the claim[] (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).

### III.   DISCUSSION

#### A.   Exhaustion and Procedural Default

The Court must first determine whether Petitioner's grounds for relief presented in his § 2254 petition have been exhausted in the state courts and, if not, whether circumstances exist to excuse Petitioner's procedural default of his claims.  Respondents assert that all three grounds for relief raised by Petitioner in his § 2254 petition are procedurally defaulted.  (Doc. No. 16 at 5.)

Absent unusual circumstances, a federal court should not entertain a petition for writ of habeas corpus, unless the petitioner has first satisfied the exhaustion requirement articulated in 28 U.S.C. § 2254(b).  Under § 2254(c), a petitioner will not be deemed to have exhausted his available state remedies if he had the right under the law of the state to raise, by any available procedure, the question presented.  See O'Sullivan v. Boerckel, 526 U.S. 838 (1999).  A federal claim may be exhausted either by being raised on direct appeal or presented in post-conviction PCRA proceedings.  See id. at 845.  In addition, a claim is exhausted when it has been "fairly presented" to the state court.  See Picard v. Connor, 404 U.S. 270, 275 (1971).  To that end, the federal habeas claim "must be the substantial equivalent of that presented to the state courts."  See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).  The petition must do so "in a manner that puts [the respondents] on notice that a federal claim is being asserted."  See Bronshtein v. Horn, 404 F.3d 700, 725 (3d Cir. 2005).  "The Supreme Court has instructed that a claim is not 'fairly presented' if the state court 'must read beyond a petition or brief . . . in order to find material' that indicates the presence of a federal claim."  Collins v. Sec'y of Pa. Dep't of Corr., 742 F.3d 528, 542 (3d Cir. 2014) (quoting Baldwin v. Reese, 541 U.S. 27, 32 (2004)).  Moreover, a habeas corpus petitioner has the burden of proving the exhaustion of all available

state remedies.  See 28 U.S.C. § 2254.  Overall, the exhaustion requirement advances the goals of comity and federalism while reducing "piecemeal litigation."  See Duncan v. Walker, 533 U.S. 167, 180 (2001).

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is an absence of available State corrective process."  McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999).  Claims deemed exhausted because of a state procedural bar are considered to be procedurally defaulted.  See Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000).  The district court then analyzes the claims under the procedural default doctrine.  See id.  The purpose of this rule is to prevent habeas petitioners from avoiding the exhaustion doctrine by defaulting their claims in state court.  See Coleman v. Thompson, 501 U.S. 722, 732 (1991).  In Cone v. Bell, 556 U.S. 449 (2009), the United States Supreme Court explained:

> It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment.  In the context of federal habeas proceedings, the independent and adequate state ground doctrine is designed to ensure that the State's interest in correcting their own mistakes is respected in all federal habeas cases.  When a petitioner fails to properly raise his federal claims in state court, he deprives the State of an opportunity to address those claims in the first instance and frustrates the State's ability to honor his constitutional rights.  Therefore, consistent with the longstanding requirement that habeas petitioners must exhaust available state remedies before seeking relief in federal court, we have held that when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review.

Id. at 465 (internal quotations and citations omitted).

However, habeas corpus review is not barred in every instance in which a state court invokes a procedural rule to preclude its review of the federal claims asserted by a state prisoner.

6

A state procedural rule can preclude federal habeas corpus review "only when the state rule is 'independent of the federal question [presented] and adequate to support the judgment.'" See Leyva v. Williams, 504 F.3d 357, 365 (3d Cir. 2007) (citing Nara v. Frank, 488 F.3d 187, 199 (3d Cir. 2007)).  The requirements of independence and adequacy are distinct.  See id.  A rule is "independent" if it is not dependent on any federal constitutional question, but "[a] state procedural ground will not bar federal habeas relief if the state law ground is 'so interwoven with federal law' that it cannot be said to be independent of the merits of a petitioner's federal claims."  See Johnson v. Pinchak, 392 F.3d 551, 557 (3d Cir. 2004).  A rule is "adequate" if "it was firmly established, readily ascertainable, and regularly followed at the time of the purported default."  See Levya, 504 F.3d at 366 (quoting Szuchon v. Lehman, 273 F.3d 299, 372 (3d Cir. 2001)).

   A petitioner whose constitutional claims have not been addressed on the merits due to procedural default can overcome the default, thereby allowing federal court review, if the petitioner can demonstrate either: (1) "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law; or (2) that the failure to consider the claims will result in a "fundamental miscarriage of justice."  See Coleman, 501 U.S. at 750.  In order to show "cause and prejudice" sufficient to overcome a state court default, a petitioner must demonstrate the "cause" for his default and "prejudice" attributable thereto.  See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000) (citing Harris v. Reed, 489 U.S. 255 (1989)).  "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Murray v. Carrier, 477 U.S. 478, 488 (1986).  Under the "prejudice prong," a petitioner has the burden of showing "not merely that the errors at his trial created a possibility of

7

prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." See United States v. Frady, 456 U.S. 152, 170 (1982); see also Holland v. Horn, 519 F.3d 107, 112 (3d Cir. 2008).

To show a "fundamental miscarriage of justice," a petitioner must establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." See Schlup v. Delo, 513 U.S. 298, 326 (1995). Demonstrating actual innocence requires a stronger showing than that needed to establish prejudice. See id. In Goldblum v. Klem, 510 F.3d 204 (3d Cir. 2007), the United States Court of Appeals for the Third Circuit explained the applicable two-step inquiry as follows. First, a "court must decide 'whether the petitioner has presented new reliable evidence . . . not presented at trial,'" and second, if a petitioner "puts forth new evidence not considered by the jury, a court asks 'whether it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" See id. at 225 (citing Hummard v. Pinchak, 378 F.3d 333, 340 (3d Cir. 2004)). If a petitioner can meet this standard by establishing "cause and prejudice" or a "fundamental miscarriage of justice," the Court will excuse his default and review the merits of the claim presented. See id.

Respondents maintain that all three (3) grounds for relief set forth supra are procedurally defaulted. Specifically, Respondents assert that Grounds One and Three are procedurally defaulted because Petitioner did not assert them in his direct appeal or in his PCRA proceedings. (Doc. No. 16 at 10.) They argue that Ground Two is procedurally defaulted because Petitioner did not assert it on direct appeal. (Id.) With respect to Ground Two, the Superior Court, in its opinion affirming the denial of Petitioner's PCRA petition, noted that this claim for relief was waived because it could have been raised on direct appeal but also addressed the merits of the claim. (Doc. No. 16-30 at 5-6.) In this Court's view, Petitioner fairly presented Ground Two to

8

the state courts and exhausted his state remedies with respect to that claim. See Schirmer v. Gilmore, No. 1:19-cv-966, 2020 WL 863623, at *12 (M.D. Pa. Jan. 29, 2020) (concluding same), report and recommendation adopted, 2020 WL 865414 (M.D. Pa. Feb. 20, 2020). The Court, therefore, will address the merits of Ground Two infra in Part III.B.

Petitioner asserts that he raised Grounds One and Three on direct appeal. (Doc. No. 1 at 9, 14.) As noted supra, however, the Superior Court quashed his appeal because Petitioner's brief was defective, noting that "the nature of [Petitioner's] brief is such that we find our ability to conduct appellate review severely impaired." (Doc. No. 16-20 at 3.) The Superior Court cited Commonwealth v. Drew, 510 A.2d 1244 (Pa. Super. Ct. 1986), in support of its argument. (Id.) In Drew, the Superior Court collected cases noting that the Pennsylvania state appellate courts have routinely relied upon Pennsylvania Rule of Appellate Procedure 2101 to quash appeals for noncompliance, particularly for the appellant's failure to include "material sections of the brief which facilitate appellate review." See Drew, 510 A.2d at 1245-46. Rule 2101 is an independent and adequate state rule for purposes of procedural default. See Litz v. Erie Cty. Dist. Att'y, No. 1:19-cv-1, 2020 WL 3950151, at *6 (W.D. Pa. May 13, 2020), report and recommendation adopted, Litz v. Pennsylvania, No. 1:19-cv-1, 2020 WL 3893787 (W.D. Pa. July 10, 2020); Price v. Garman, No. 1:17-cv-1103, 2018 WL 3546558, at *5 (M.D. Pa. July 24, 2018) (citing Betha v. Lane, No. 17-3078, 2018 WL 3119868, at *3 (E.D. Pa. Apr. 4, 2018)); Sistrunk v. McGinley, No. 3:16-cv-815, 2017 WL 5589048, at *9 (M.D. Pa. Nov. 2, 2017), report and recommendation adopted, 2017 WL 5587111 (M.D. Pa. Nov. 20, 2017). Thus, Petitioner has not exhausted his grounds for relief, and these grounds are procedurally defaulted because any second PCRA petition and subsequent appeal by Petitioner would be untimely. See 42 Pa. Cons. Stat. Ann. § 9545(b) (providing that such a petition must be filed within one (1)

year of the date on which the judgment becomes final).  Consequently, because these claims are procedurally defaulted, the Court can entertain the merits only if Petitioner demonstrates cause and prejudice or a fundamental miscarriage of justice.

In his § 2254 petition, Petitioner maintains that he wanted PCRA counsel to raise Grounds One and Three in an amended PCRA petition, but that counsel did not do so and that the PCRA court did not allow him to amend his PCRA petition to raise them pro se.  (Doc. No. 1 at 9, 15.)  Petitioner acknowledges that he did not raise these issues in his appeal from the denial of his PCRA petition.  (Id.)  The Supreme Court, however, has held that "[n]egligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.'  That is so . . . because the attorney is the prisoner's agent, and under 'well-settled principles of agency law,' the principal bears the risk of negligent conduct on the part of his agent."[1]  See Maples v. Thomas, 565 U.S. 266, 280-81 (2012) (quoting Coleman, 501 U.S. at 753-54).  Petitioner, therefore, cannot rely upon PCRA counsel's failure to assert these issues as cause to excuse his procedural default.  Likewise, Petitioner's own failure to assert these grounds in his appeal from the denial of his PCRA petition cannot serve as cause to excuse his procedural default of Grounds One and Three.  See Gonzalez v. Sup't Graterford SCI, 655 F. App'x 96, 100 (3d Cir. 2016) (noting that cause "under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him").  Thus, because Petitioner cannot establish cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default, Grounds One and Three will be dismissed.

---

[1] The Supreme Court has recognized a "narrow exception" to this general rule, holding that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  See Martinez v. Ryan, 566 U.S. 1, 9 (2012).  Martinez, however, does not apply to Petitioner's case, as he has not asserted any ineffective assistance claims.

### B. Merits of Ground Two

In Ground Two, Petitioner maintains that his Fifth and Fourteenth Amendment rights were violated when the Commonwealth proceeded against him via an information for first-degree misdemeanors instead of by seeking an indictment from a grand jury. (Doc. No. 1 at 10.) With respect to this claim, the Superior Court stated:

> In his first issue, [Petitioner] asserts that his constitutional rights were violated when the Commonwealth prosecuted him via the filing of a criminal information rather than assembling a grand jury to indict him. This claim is waived because it could have been raised on direct appeal. [Commonwealth v.] Carpenter, [725 A.2d 154, 160 (Pa. 1999)].
>
> Notwithstanding waiver, however, [Petitioner's] claim is meritless. [Petitioner's] reliance upon our Supreme Court's decision in Commonwealth v. Cano, 133 A.2d 800 (Pa. 1957) is misplaced. Article 1, Section 10 was amended in 1976 to allow for the use of criminal informations. See Commonwealth v. Brown, 372 A.2d 887, 888 (discussing the amendment); see also Commonwealth v. Schultz, 133 A.3d 294, 315 (Pa. Super. 2016) (stating, "[t]he current Pennsylvania Constitution was amended to allow for the frequent use of criminal informations. Hence, the typical manner of instituting a criminal prosecution is no longer via a grand jury indictment"). Because the Commonwealth properly prosecuted [Petitioner] using a criminal information, even if not waived, his first issue would warrant no relief.

(Doc. No. 16-30 at 5-6.)

The United States Supreme Court has held that the Fifth Amendment right to indictment by grand jury does not apply to the states. See McDonald v. City of Chicago, 561 U.S. 742, 761 (citing Hurtado v. California, 110 U.S. 516, 535 (1884)); United States ex rel. Wojtycha v. Hopkins, 517 F.2d 420, 425 (3d Cir. 1975) (noting that the "constitutional requirement of indictment by a grand jury has not been made applicable to the states"). Thus, because Petitioner's second ground for relief relates to the Commonwealth's failure to use a grand jury to charge him, it fails to state a cognizable claim for federal habeas review. See Solano v. Lamas, No. 3:10-cv-1915, 2014 WL 2567166, at *15-16 (M.D. Pa. June 6, 2014); Smith v. Lamas, No.

12-4681, 2014 WL 1673234, at *16 (E.D. Pa. Apr. 28, 2014) (collecting cases concluding the same). Accordingly, Ground Two of Petitioner's § 2254 petition will be dismissed as meritless.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In the case at bar, jurists of reason would not find the disposition of this case debatable. Accordingly, the Court will not issue a COA in this case.

## V. CONCLUSION

For the foregoing reasons, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) will be denied and a COA will not issue. An appropriate Order follows.